UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                    Chapter 13

Mark A. Formosa,                                     Case No. 17-46215

         Debtor.                                            Hon. Phillip J. Shefferly
_____/

**ORDER GRANTING SECOND POST-CONFIRMATION
APPLICATION FOR DEBTOR'S ATTORNEY FEES AND EXPENSES**

On April 25, 2017, Mark A. Formosa ("Debtor") filed this Chapter 13 case. On May 11, 2018, the Court confirmed the Debtor's plan. On February 3, 2020, the Debtor's attorney, John Z. Kallabat ("Kallabat") filed a second post-confirmation application ("Application") (ECF No. 121) for fees of $4,077.15 and expenses of $141.07, covering the time period from February 28, 2019 through January 24, 2020. Other than a minimal amount of fees for preparing the Application, these fees and expenses relate to services performed for case administration. The Application notes that the Debtor is 97.95% paid into his plan, with a $1,561.00 deficiency that will be addressed through a plan modification that the Debtor will be filing.

On February 25, 2020, the Chapter 13 Trustee ("Trustee") filed an amended objection ("Objection") (ECF No. 124). The Objection makes three basic

arguments: (i) Kallabat substituted in as the Debtor's attorney on March 5, 2019, long after the case was filed, and should not be compensated for the time he spent to get "up to speed" in the case; (ii) the services performed by Kallabat to object to three claims provided no benefit to the Debtor, the creditors or the estate; and (iii) the Debtor's plan is already running long, and will run even longer if the Application is granted.

On March 19, 2020, the Court held a hearing on the Application. Kallabat explained that when he substituted into the middle of this case, there were some complicated and atypical issues that required him to spend time to familiarize himself with the case. Kallabat also pointed out that the claims objections he filed were all granted, that he had worked on a plan modification, and that any delay in filing the plan modification was due to ongoing changes to the income and employment of the Debtor and his non-filing spouse. Now that the Debtor's financial situation is stable, Kallabat says he will file a plan modification to address the deficiency in plan payments and the length of the plan.

The Trustee responded that Kallabat's "learning curve" is not compensable because it provided no benefit to the estate or to the Debtor. Similarly, the Trustee argued that even though successful, Kallabat's claims objections were of no benefit to the Debtor because the Debtor's plan is a base plan. The Trustee also argued that

it is premature to compensate Kallabat for any plan modification that he worked on because it has not yet been filed, so the Trustee, creditors and the Court cannot yet determine if his work provided any benefit.

For the reasons set forth in this order, the Court will grant the Application.

The Application is governed by § 330(a) of the Bankruptcy Code and the lodestar method from <u>Boddy v. United States Bankruptcy Court</u> (<u>In re Boddy</u>), 950 F.2d 334 (6th Cir. 1991). The lodestar amount "is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." <u>Id.</u> at 337. The Trustee does not object to Kallabat's hourly rate, only to the number of hours expended.

<u>In re Boddy</u> recognized that there are multiple factors that courts have discretion to consider when deciding the reasonableness of fees. "The bankruptcy court may [ ] exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area." <u>Id.</u> at 338. Section 330(a)(3) also directs the bankruptcy court, in determining reasonable compensation, to take into account all relevant factors, and provides a non-exclusive list of such factors. One of those factors, in § 330(a)(3)(C), is "whether the services were necessary to the

- 3 -

17-46215-lsg    Doc 132    Filed 03/27/20    Entered 03/27/20 14:49:02    Page 3 of 6

administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." This factor requires a court to evaluate the particular services at the time that they were rendered, not at the time that the court hears a fee application.

With these standards in mind, the Court rejects the Trustee's "learning curve" argument. Depending on the complexity and length of a case, it is reasonable to expect that an attorney substituting into an already filed Chapter 13 case may have to review the case history, the pay history, the plan calculation, and any claims that have been filed. It is also reasonable to expect that this may require multiple communications with the debtor and his former attorney about the debtor's overall financial situation and any potential issues under a confirmed plan. These are all tasks that a responsible attorney should perform when substituting into a case to assist the debtor in moving toward the completion of the case.

To be sure, coming into a case in progress does not mean that the substituting attorney has carte blanche to get paid an unlimited amount to study the file, but some amount of time to learn and understand the file is compensable. The Trustee cites no authority to the contrary. Given the long history of this case and the issues described by Kallabat, the Court finds that the time spent by Kallabat to learn this particular case was not inordinate, but instead was necessary to effectively represent

the Debtor, necessary to the administration of the case, and reasonably likely to benefit the Debtor and this estate. The Court finds that this time is compensable.

Kallabat's successful claims objections are also compensable. On the one hand, the Trustee makes a valid point that these claims objections do not benefit the Debtor in the sense of reducing what he must pay into his base plan. On the other hand, even if these claims objections do not change what the Debtor must pay, these claims objections may increase the pro rata distributions to the Debtor's remaining unsecured creditors. Increasing the return for those creditors with allowed claims and preventing a distribution to creditors whose claims should not be allowed is a sufficient benefit to the Debtor's creditors and the estate to make these services compensable.

Finally, while the Court agrees that it is generally easier to evaluate the possible benefits of time spent on a plan modification after the plan modification has been filed with the Court, the law does not prohibit the Court from awarding fees for work performed even where a finished product has not yet been filed. The test is whether the services were reasonably likely to provide a benefit at the time when the service was rendered. The entries in the Application showing the time expended by Kallabat working on a proposed plan modification, coupled with his explanation at

the hearing, are sufficient for the Court to find that Kallabat's work on a plan modification, even though it was not yet filed at that time, is compensable.

The final point made by the Trustee is that the Debtor's plan is running long. That's a problem that the Debtor and Kallabat must fix. But the law does not dictate that the fix for this problem must be the disallowance of fees that are otherwise properly compensable.

The Court is persuaded that the Application should be granted under the lodestar approach and § 330. Accordingly,

**IT IS HEREBY ORDERED** that the Objection (ECF No. 124) is overruled, and the Application (ECF No. 121) is granted.

**IT IS FURTHER ORDERED** that Kallabat is awarded fees in the amount of $4,077.15 and expenses in the amount of $141.07.

**Signed on March 27, 2020**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**

- 6 -

17-46215-lsg    Doc 132    Filed 03/27/20    Entered 03/27/20 14:49:02    Page 6 of 6